UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REUBEN AVENT,

                              Plaintiff,

            -against-

NYS ATT. GEN. LETITIA JAMES;
UNKNOWN CHARITY ASS. ATT.
GENERALS; BIZ CENTRAL; AMBER
BIGICA,

                              Defendants.

19-CV-10923 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. §§ 1981 and 1983 and state law. By order dated December 30, 2019December 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

Plaintiff alleges that he is the "President and Founder and the top executive responsible for . . . establishing the potential establishment of . . . African World Wide Unity Incorporated" as a nonprofit. Plaintiff seeks damages in connection with his efforts to obtain a charitable solicitation registration number. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

## BACKGROUND

Plaintiff Reuben Avent alleges that he is "a black individual seeking to establish a legal

African American charity organization with a state legal entity." (ECF No. 2, at 2.)[1] On June 24,

2019, Plaintiff hired Biz Central to file documents to establish African World-Wide Unity, Inc.

(AWWU) as nonprofit organization and to obtain a charitable solicitation registration number.

(ECF No. 2, at 4.)

On June 27, 2019, Amber Bigica of Biz Central informed Plaintiff that his paperwork had

been completed with the exception of his charitable solicitation registration. She explained to

Plaintiff that "because your EIN is still relatively new, the charity registration system does not

recognize it yet. It says it will take up to 30 days for them to recognize your new EIN." (*Id.*)

Plaintiff argues that "state law charity registration papers did not take 30 days to be

processed[;] it actually takes 5 days of review from state attorney general defendants and nothing

would stop defendant Bigica from filing those papers after receiving an EIN number for

Plaintiff's business." (*Id.*)

On July 10, 2019, Bigica told Plaintiff that she was "unable to see if the state approved

the amendment that we submitted as they will send all communication to you. The charity

---

[1] Plaintiff has filed numerous other actions, including civil actions, *Avent v. Progressive Casualty Ins. Co.*, No. 1:19-CV-10907 (JGK) (S.D.N.Y.) (pending), and petitions for writs of *habeas corpus*, *see, e.g.*, *Avent v. State of New York*, No. 7:04-CV-4340 (S.D.N.Y. Sept. 30, 2004); *Avent v. Filion*, No. 7:03-CV-6709 (S.D.N.Y. Jan. 31, 2006).

registration still won't let me complete it as they haven't uploaded your EIN, but I've been checking every day so I can go ahead and get started on that." (*Id.* at 5.)

On August 24, 2019, Plaintiff complained to Bigica that he was being "denied access to grants, [and] collaboration [with] other charities[,] sponsors[,] and donors because of the absence of any charity registration number. In response, Bigica sent Plaintiff a screenshot from an online charity registration finder – not from the Attorney General's registration bureau. Plaintiff points out that first "you file for a charity registration number, then you check th[e] database to find the verified charity number." (*Id.*) Plaintiff asserts that Bigica "colluded with the state defendants to preclude Plaintiff from participating in . . . charity opportunities . . . to cause the injuries that Plaintiff endured." (*Id.*)

Plaintiff asserts that Bigica made this "false excuse" in order "to deny plaintiff . . . his civil rights and . . . . discriminate against him on . . . account of his race and to prevent his race class from receiving any charity." (*Id.* at 5-6.) Bigica "continued to intentionally mislead the plaintiff into believing the problem was with the attorney general charity office when she never filed the charity registration." (*Id.*)

Plaintiff contends that Bigica was either "acting directly on orders and/or in collusion with the state attorney general defendants . . . or acting off of state policy and customs designed to bring about the same discriminating result . . . and disenfranchise [Plaintiff] as a legal charity." (*Id.*)

## DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff sues New York State Attorney General Letitia James and unidentified Assistant State Attorneys General. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated

the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's asserts claims under § 1983 against New York State Attorney General Letitia James and her subordinates seeking millions in compensatory and punitive damages. (ECF 2, at 11.) The Eleventh Amendment bars Plaintiff's official-capacity claims in federal court for damages against Defendant James and the unidentified Assistant Attorneys General, and the Court therefore dismisses these claims.[2] 28 U.S.C. § 1915(e)(2)(iii).

**B.      Claims Under 42 U.S.C. § 1983**

1.      Biz Central and its Employee

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendants Biz Central and Biz Central employee Amber Bigica are private parties who do not work for any state or other government body. Plaintiff contends that the Biz Central

---

[2] Under the doctrine set forth in *Ex Parte Young*, 209 U.S. 123, 150-59 (1908), claims for prospective injunctive relief against state officials in their official capacities can proceed in federal court – not claims for damages.

employee was either "acting directly on orders and/or in collusion with the state attorney general defendants . . . or acting off of state policy and customs designed to bring about the same discriminating result . . . and disenfranchise [Plaintiff] as a legal charity." (ECF No. 2, at 5.) Plaintiff's allegation that Biz Central or its employee colluded with the New York State Attorney General's Office to delay or deprive him of a charitable solicitation registration number because of his race is without factual support and is therefore insufficient to plead that this private individual and entity qualify as state actors. Plaintiff's allegations thus fail to state a claim under § 1983 against these private defendants.

   2.  N.Y. State Attorney General Letitia James and Assistant Attorneys General

   A § 1983 plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

   Plaintiff does not allege any facts showing how Defendant Letitia James was personally involved in the events underlying his claims. She cannot be held liable under § 1983 solely because she employs or supervises a person who allegedly violated the plaintiff's rights.

   Moreover, Plaintiff's allegations that New York State Attorney General Letitia James or her subordinates discriminated against Plaintiff because of his African American race are wholly conclusory. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff does not plead any facts that would give rise to an inference that his race was the cause of the delay in processing his charitable solicitation registration. "[T]he mere fact that something bad happens to a member of a particular racial group does not, without more, establish that it happened because the person is a member of that racial group." *Williams v. Calderoni*, No. 11-CV-3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (citing *Reyes v. Erickson*, 238 F. Supp. 2d 632, 638–39 (S.D.N.Y. 2003)), *aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013).[3] Plaintiff's allegations that New York State Attorney General Letitia James or her subordinates discriminated against Plaintiff because of his race are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.      Claims Under 42 U.S.C. § 1981

### 1.      State Defendants

Plaintiff invokes 42 U.S.C. § 1981 as a basis for his claims. "[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of

---

[3] Plaintiff also alleges that Defendant Bigica "continued to intentionally mislead the plaintiff into believing the problem was with the attorney general charity office when she never filed the charity registration." (*Id.* at 5-6.)

the rights guaranteed in § 1981 by state governmental units." *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). Section 1981 does not provide a separate private right of action against state actors. *Duplan v. City of New York*, 888 F.3d 612 (2d Cir. 2018) (rejecting arguments that 1991 amendment to the Civil Rights Act implicitly overruled *Jett*). Plaintiff's claims under § 1981 that New York State Attorney General Letitia James or her subordinates discriminated against Plaintiff because of his race must therefore be dismissed without leave to replead.

       2.      Private Defendants

To state a claim under 42 U.S.C. § 1981, a plaintiff must allege that: (1) he is a member of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerns one of the statute's enumerated activities (*i.e.*, the rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property"). *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (A plaintiff is entitled to relief under § 1981 "when racial discrimination blocks the creation of a contractual relationship … [or] impairs an existing contractual relationship."). To prevail on a § 1981 claim, evidence of racially discriminatory intent is required. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).

Here, Plaintiff alleges that he entered into an agreement with Biz Central to register an entity (AWWU) as a nonprofit and obtain a charitable solicitation registration number. It appears from Plaintiff's allegations that Biz Central succeeded in registering AWWU as a nonprofit entity but there were difficulties or delays in obtaining a charitable solicitation registration number. Plaintiff alleges that a Biz Central employee told him that this was due to technical difficulties, but he asserts that Biz Central either did not file the application or colluded with the New York

State Attorney General's Office to delay or deny the application. (ECF 2, at 5.) Plaintiff asserts, without any factual basis, that this was because of his race. Plaintiff's allegations thus do not state a claim that Defendants Biz Central and its employee discriminated against him because of his race in violation of § 1981.

## LEAVE TO AMEND

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Here, it would be futile for Plaintiff to replead many of his claims, including any claims for damages against New York state employees in their official capacities, claims under § 1981 against state employees, or claims under § 1983 against private parties.

Although the complaint gives little indication that a valid claim can be asserted, in an abundance of caution, Plaintiff is granted leave to amend his complaint to detail his remaining claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10923 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and for asserting claims against Defendants who are immune from suit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 17, 2020
          New York, New York

COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                Middle Initial        Last Name

_____
Street Address

_____
County, City                    State         Zip Code

_____
Telephone Number           Email Address (if available)

**B. Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

Defendant 4: _____

_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.